UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| Robert Geoffrey Davis, | Case No. 2:23-cv-01208-APG-VCF |
|---|---|
| Petitioner, | **Order** |
| v. | |
| Gabriela Najera, et. al, | |
| Respondents. | [ECF No. 4] |

    Robert Geoffrey Davis, a Nevada prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. I have reviewed Davis's petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and find that it merits service upon the respondents. Davis also filed a motion for appointment of counsel that I will grant for reasons that follow. The respondents are not required to respond to Davis's initial petition because I anticipate that, with counsel, Davis will likely file an amended petition.

    "Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam). The court may, however, appoint counsel at any stage of the proceedings "if the interests of justice so require." *See* 18 U.S.C. § 3006A; *see also* Rule 8(c), Rules Governing § 2254 Cases. The complexity of the issues and the severity of the sentence are relevant factors in deciding whether the interests of justice warrant appointment of counsel. *Chaney*, 801 F.2d at 1196. Here, Davis was convicted of first-degree murder with use of a deadly weapon and is serving a sentence of 20 years to life plus an additional 2 to 5 years. ECF No. 3 at 2. It also appears likely that there will be relatively complex issues to be addressed in this case that Davis may not be able to adequately litigate without counsel. Thus, appointment of counsel furthers the interests of justice.

I THEREFORE ORDER the Clerk to ELECTRONICALLY SERVE the petition for writ of habeas corpus (ECF No. 3) and a copy of this order on the respondents.

I FURTHER ORDER the Clerk to add Aaron D. Ford, Attorney General of the State of Nevada, as counsel for the respondents, and to provide the respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the Attorney General only.

I FURTHER ORDER that the respondents shall have 20 days from the date on which the petition is served upon them to appear in this action.  The respondents will not be required to respond to the habeas petition at this time.

I FURTHER ORDER that Davis's motion for appointment of counsel (ECF No. 4) is GRANTED.  The Federal Public Defender for the District of Nevada (FPD) is appointed to represent Davis.  If the FPD is unable to represent the petitioner, due to a conflict of interest or other reason, then alternate counsel will be appointed.  In either case, counsel will represent Davis in all federal-court proceedings relating to this matter, unless allowed to withdraw.

I FURTHER ORDER the Clerk to ELECTRONICALLY SERVE upon the FPD a copy of this order, together with a copy of the petition for writ of habeas corpus.

I FURTHER ORDER that the FPD shall have 20 days from the date of entry of this order to file a notice of appearance, or to indicate its inability to represent Davis in this case.

I FURTHER ORDER that a schedule for further proceedings will be issued after counsel appear for the parties.

Dated: August 6, 2023.

_____
U.S. District Judge Andrew P. Gordon