UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Robert Geoffrey Davis, | Case No. 2:23-cv-01208-APG-VCF |
| Petitioner, | **Order Granting Motion for Leave to File a Second Amended Petition** |
| v. | |
| Gabriela Najera, et. al, | |
| Respondents. | [ECF No. 14] |

    Petitioner, Robert Geoffrey Davis, moves for leave to file a second amended petition for writ of habeas corpus. ECF No. 14.  On August 24, 2023, I issued a scheduling order, which, among other things, granted Davis 45 days to file an amended habeas petition. ECF No. 8.  After I granted him an extension of time, Davis filed a first amended petition and his pending motion for leave to amend on December 20, 2023. ECF Nos. 12, 14.

    Counsel for Davis states in his motion that he believes that December 20, 2023, was the statutory deadline for his petition under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  He further states that he made every effort to complete as much of his investigation as possible before AEDPA expired, but that one of the claims in his petition, Ground 4, requires further development.  Specifically, he needs court records from the victim's other cases that are currently sealed.  Thus, he requests leave to file a second amended petition to include additional information that may be contained in those records.  Counsel also requests that I waive the requirement that a proposed amended pleading be attached to his motion (Local Rule 15-1(a)) because that that rule is ill-suited for this situation.

    Respondents argue that a second amendment is futile because Davis intends to introduce new evidence that this court cannot consider under *Shinn v. Ramirez*, 142 S. Ct. 1718 (2022), because it was not developed in state court.  They further argue that, without a proposed

amended pleading, the court cannot determine whether an amended claim would relate back to his timely-filed petition.

When I appointed counsel to represent Davis, I gave him leave to file an amended petition because the court and both parties typically benefit from having a petition filed by counsel rather than a pro se petitioner.  Absent a compelling reason in opposition, I would have granted Davis additional time to file that amended petition if the statutory deadline had not compelled him to file it on December 23, 2023.  Here, Davis is merely attempting to preserve the timeliness of one of his claims while also providing as much factual support for the claim as possible.  While the claim may be beset with evidentiary and procedural impediments, I am not convinced, at this point, that it is futile.  Thus, I will grant the motion. *See* Federal Rule of Civil Procedure 15(a)(2) ("The court should freely give leave when justice so requires.").[1]

I THEREFORE ORDER that Davis's motion for leave to file a second amended petition (ECF No. 14) is GRANTED.  Davis will have up to and including April 1, 2024, to file a second amended petition.  In all other respects, the schedule for further proceedings set forth in the order entered August 24, 2023, (ECF No. 8) will remain in effect.

I FURTHER ORDER that respondents' motion to extend time (ECF No. 18) is DENIED as moot.

Dated: February 13, 2024.

_____
U.S. District Judge Andrew P. Gordon

---

[1] This order does not affect, in any manner, the operation of the statute of limitations in this case, and I render no opinion here about Davis's compliance with the statute.