UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Robert Geoffrey Davis, | Case No. 2:23-cv-01208-APG-VCF |
| Petitioner, | **Order Granting Motion to Dismiss and Denying Motion for Leave to Conduct Discovery** |
| v. | |
| Gabriela Najera, et. al, | |
| Respondents. | [ECF Nos. 24, 26, 39] |

The respondents move to dismiss Robert Geoffrey Davis's second amended habeas petition (ECF No. 22) arguing that Grounds One, Three(a), and Five are unexhausted. ECF No. 39. Respondents also argue that I must disregard any evidence offered in support of Ground Four that was not presented to the state court. *Id*. For reasons explained below, I grant the motion. I also deny Davis's motion for leave to conduct discovery (ECF No. 26).

**Background**

In 2011, Davis was charged with murder for shooting and killing his brother with a shotgun. ECF No. 33-4. In June 2012, a jury in the Second Judicial Court for Nevada (Washoe County) found Davis guilty of first-degree murder with use of a deadly weapon. ECF No. 34-6. In June 2014, the Supreme Court of Nevada reversed Davis's conviction based on a determination that the trial court had allowed the introduction of statements that had been obtained in violation of *Miranda v. Arizona,* 384 U.S. 436 (1966). ECF No. 34-45. After a second trial in September 2015, a jury once again found him guilty of first-degree murder with use of a deadly weapon. ECF No. 35-27. The court imposed a sentence of life in prison with parole eligibility after 20 years, and a consecutive 24-60 months on the deadly weapon enhancement. ECF No. 35-31. A judgment of conviction was entered in November 2015. ECF

No. 35-31.  Davis appealed. ECF No. 35-35.  In April 2017, the Supreme Court of Nevada affirmed the judgment. ECF No. 36-10.

In October 2017, Davis filed a pro se state habeas petition in the state district court. ECF No. 36-19.  With the assistance of appointed counsel, he filed a supplemental petition in April 2018. ECF No. 36-26.  In January 2019, the court granted the State's motion to dismiss the petitions but ordered an evidentiary hearing on whether trial counsel failed to adequately discuss the plea offer made by the State. ECF No. 36-33.  The court held the hearing in November 2019 (ECF No. 36-40), then entered an order denying the supplemental petition in February 2022. ECF No. 36-43.  Davis appealed. ECF No. 36-45.  In February 2023, the Nevada Court of Appeals affirmed the denial of the petition. ECF No. 36-61.

In June 2023, Davis filed the petition that initiated this case. ECF No. 3.  I entered an order directing service of the petition and appointing the Federal Public Defender for Nevada to represent Davis. ECF No. 5.  In December 2023, Davis filed a first amended petition (ECF No. 12) and a motion for leave to file a second amended petition (ECF No. 14).  I granted the motion. ECF No. 19.  In April 2024, Davis filed another petition for writ of habeas corpus in the state district court. ECF No. 38-2.[1]  The following month, Davis filed a second amended petition in this case (ECF No. 22), along with motions for leave to file exhibits under seal (ECF No. 24) and for leave to conduct discovery (ECF No. 26).  In August 2024, the respondents filed the pending motion to dismiss. ECF No. 39.

## Discussion

1. *Exhaustion*

Generally, this court is not permitted to grant habeas relief unless the petitioner has exhausted the remedies available in the state court. *See* 28 U.S.C. § 2254(b).  The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404

---

[1] Based on records available online for the Second Judicial District Court for Nevada, this petition has yet to be adjudicated. *See* https://www.washoecourts.com/Query/CaseInformation/CR06-0955.

U.S. 270, 275 (1971) (citations and internal quotation marks omitted).  In order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

Respondents argue that Davis has not exhausted state court remedies for Grounds One, Three(a), and Five of his second amended petition.

Ground One — In Ground One, Davis alleges that the state trial court violated his rights under the Fifth, Sixth and Fourteenth Amendments by preventing him from presenting relevant testimony to show that the victim was the likely aggressor.  In his "statement of exhaustion," Davis indicates that he exhausted the claim with his opening brief on direct appeal. ECF No. 22 at 9.  Respondents contend that the claim is unexhausted because, in that brief, Davis relied only on state law to support his claim of trial court error.

Respondents are correct.  Davis's argument in his opening brief contains no citations to federal law. ECF No. 35-46 at 17-24.  Instead, Davis relies primarily on *Petty v. State*, 997 P.2d 800, 800 (Nev. 2000), which was a case decided based entirely on Nevada evidence law.  In addition, the Supreme Court of Nevada did not refer to federal law in rejecting Davis's argument. ECF No. 36-10 at 3.  Thus, Ground One is unexhausted. *See Shumway v. Payne*, 223 F.3d 982, 987-88 (9th Cir. 2000) (holding that exhaustion requires reference to a specific federal law provision and that "the mere similarity between a claim of state and federal error is insufficient to establish exhaustion") (citation omitted).

Ground Three(a) — In Ground Three(a), Davis alleges he received ineffective assistance of trial counsel in violation of the Fifth, Sixth, and Fourteenth Amendments because his trial counsel failed to argue voluntary manslaughter.  He concedes that claim has not been fairly presented to the Nevada courts.  He contends, however, that the claim is technically exhausted

but procedurally defaulted,[2] and that the default should be excused under *Martinez v. Ryan*, 566 U.S. 1 (2012). The respondents agree that the claim is procedurally defaulted, but dispute that Davis can make the necessary showing under *Martinez*.

Under *Martinez*, a habeas petitioner can demonstrate cause to overcome the procedural default of a claim of ineffective assistance of trial counsel by demonstrating that either (a) he had no counsel during the state postconviction proceedings or (b) such counsel was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). *Martinez*, 566 U.S. at 14. He must also demonstrate that the defaulted claim of ineffective assistance of trial counsel is a "substantial" claim. *Id*. A claim is "substantial" for purposes of *Martinez* if it has "some merit," which is analogous to the standard for issuing a certificate of appealability. Id. at 14. This standard does not require a showing that the claim will succeed, but instead only that its proper disposition could be debated among reasonable jurists. *See*, *generally*, *Miller-El v. Cockrell*, 537 US. 322, 336–38 (2003).

The *Strickland* standard requires a showing of both deficient performance and prejudice. 466 U.S. at 687. To establish deficient performance, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness. ... under prevailing professional norms." *Id*. at 688. To establish prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. "Because *Martinez* requires a showing that post-conviction counsel was ineffective under the standards of *Strickland*, a petitioner who was represented by post-conviction counsel in his initial-review collateral proceeding must show not only that his procedurally defaulted trial-level IAC claim is substantial but also that there is 'a

---

[2] *See Cooper v. Neven*, 641 F.3d 322, 327 (9th Cir. 2011) ("[I]f a claim is unexhausted but state procedural rules would now bar consideration of the claim, it is technically exhausted but will be deemed procedurally defaulted unless the petitioner can show cause and prejudice.").

4

reasonable probability that the trial-level IAC claim would have succeeded had it been raised' by post-conviction counsel." *Rodney v. Filson*, 916 F.3d 1254, 1260 (9th Cir. 2019) (internal quotation and citation omitted).

Davis argues that the claim is "substantial" for the purposes of *Martinez* because it has "some merit." As for demonstrating that post-conviction counsel was ineffective under the *Strickland* standard, he "request[s] an opportunity to seek leave to present additional evidence on this subject at an evidentiary hearing." ECF No. 44 at 4. The problem with this request is that the availability of evidentiary hearings in habeas cases is limited by 28 U.S.C. § 2254(e)(2). Section 2254(e)(2) provides that, if a prisoner "has failed to develop the factual basis of a claim in State court proceedings," a federal court may hold "an evidentiary hearing on the claim" in only two circumstances, neither of which apply to in this case.[3]

In *Shinn v. Ramirez*, 596 U.S. 366, 387 (2022), the Supreme Court held that the equitable rule announced in *Martinez* does not permit a federal court to dispense with the limits imposed by 28 U.S.C. § 2254(e)(2) "because a prisoner's state postconviction counsel negligently failed to develop the state-court record." *Ramirez*, 596 U.S. at 371. Accordingly, "if [§ 2254(e)(2)] applies and the prisoner cannot satisfy its 'stringent requirements,' a federal court may not hold an evidentiary hearing — or otherwise consider new evidence — to assess cause and prejudice under *Martinez*." *Id*. at 389. Davis has not demonstrated that the holding in *Ramirez* does not apply to my consideration of Ground Three(a).

So, even if Ground Three(a) meets *Martinez*'s substantiality requirement, I am confined to the state court record in determining whether Davis can also show that post-conviction counsel was ineffective under the *Strickland* standard. Based on my preliminary review of the state court record, it appears that trial counsel's decision to forego arguing voluntary manslaughter was a strategic decision that is "virtually unchallengeable" on post-conviction review. *See Strickland*,

---

[3] The two circumstances are (1) when the claim relies on a "new" and "previously unavailable" "rule of constitutional law" made retroactively applicable by the Supreme Court or (2) when the claim relies on "a factual predicate that could not have been previously discovered through the exercise of due diligence." §§ 2254(e)(2)(A)(i), (ii).

466 U.S. at 690. If that is the case, Davis cannot demonstrate a reasonable probability that Ground Three(a) would have succeeded had it been raised by post-conviction counsel. *See Runningeagle v. Ryan*, 825 F.3d 970, 982 (9th Cir. 2016) (recognizing that "[a]lthough the prejudice at issue is that in PCR proceedings, this is a recursive standard"). As the parties request, however, I will defer my decision until they have an opportunity to fully brief the merits of the claim.

Ground Five — In Ground Five, Davis claims that the accumulation of errors in this case violated his rights to due process and a fair trial under the Fifth, Sixth, and Fourteenth Amendments. Regardless of whether Davis fairly presented the same claim he asserts in Ground Five to the Nevada courts, I will consider the cumulative impact of any substantial errors in determining whether he is entitled to habeas relief. *See Killian v. Poole*, 282 F.3d 1204, 1211 (9th Cir. 2002). I agree with respondents, however, that I can only consider claims of error that are properly before me in deciding whether Davis is entitled to relief based on cumulative error.

2. *Development of evidence and motion for leave to conduct discovery for Ground Four*

In Ground Four of his second amended petition, Davis claims that the state courts deprived him of his right to conflict-free counsel under the Sixth and Fourteenth Amendments during his trial and direct appeal. In support of the claim, he alleges that his counsel in those proceedings, the Washoe County Public Defender's Office ("WCPD"), labored under a conflict of interest because the WCPD represented his brother, the victim, in prior criminal proceedings. Davis has filed a motion for leave to conduct discovery to develop additional evidence in support of the claim. ECF No. 26. Respondents oppose the motion and argue in their motion to dismiss that I am not permitted to consider any new evidence that was not developed in state court. For the reasons that follow, I deny the motion and conclude that, pending a determination that the limitations of 28 U.S.C. § 2254(d) have been satisfied,[4] my consideration of Ground Four is limited to the state court record.

---

[4] Under 28 U.S.C. § 2254(d), habeas relief can be granted only if the state court proceeding adjudicating the claim on the merits "resulted in a decision that was contrary to, or involved an unreasonable

6

   Prior to Davis's second trial, the trial court held a hearing to assess whether the WCPD should be permitted to represent Davis notwithstanding its prior representation of Davis's brother. ECF No. 35-16. At the hearing, the WCPD explained that, though it had disqualified itself from representing Davis in his first trial, its conflict policy changed after the issuance of *State v. Eighth Judicial District Court (Zogheib)*, 321 P.3d 882 (Nev. 2014). After hearing arguments about the potential for a conflict, the trial court determined that the WCPD could remain as Davis's counsel under *Zogheib*. *Id*., ECF No. 35-17.

   In his first state post-conviction petition, Davis, with the assistance of appointed counsel, presented essentially the same claim he now presents as Ground Four. ECF No. 36-26 at 18-21. He alleged in that claim that, but for the WCPD's obligation to keep client communications confidential, the WCPD could have presented evidence showing that the victim "suffered serious mental health issues and [that] acts of violence permeated his adult life." *Id*. at 19. Among the evidence Davis cited are the records from the victim's criminal case number CR06-0955, which included "a psychological evaluation and competency hearing." *Id*.

   The state district court found that the claim was "belied by the record," specifically the pretrial hearing on the matter, and denied the claim without an evidentiary hearing. ECF No. 36-33 at 7-8. In a footnote, the state district court opined that, even if it had been admitted, the psychological evaluation would not have made a difference in the outcome of the trial because Davis's counsel had elicited testimony regarding the victim's violent nature and his bipolar disorder. *Id*. at 7. On appeal, the Nevada Court of Appeals also denied the claim on the merits holding in part as follows:

> The trial court had conducted a hearing concerning this issue. The attorneys assigned to represent Davis explained that they did not personally represent the victim in the prior case and information their office possessed stemming from that case would be screened from them. Counsel also explained that they would have to discover relevant information related to the victim independent of the files stemming from the prior case but that any helpful

---

application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2).

> information discovered concerning the victim would be permissible for them to use in Davis' defense. The trial court subsequently concluded that Davis' counsel could represent him.
>
> Davis did not demonstrate that counsel's performance was adversely affected by the Public Defender's Office's previous representation of the deceased victim. At trial, Davis pursued a self-defense strategy, and counsel argued at length that Davis acted in a reasonable manner given the victim's actions. In light of the circumstances in this matter, Davis failed to demonstrate he was entitled to relief based on this claim. Therefore, we conclude the district court did not err by denying this claim without considering it at the evidentiary hearing.

ECF No. 36-61 at 6.

With his second amended federal petition, Davis has submitted, under seal, a copy of the psychological evaluation, psychiatric assessment, and social history update that was filed in the victim's case number CR-0955. ECF No. 25 at 5-21. With his motion for leave to conduct discovery, he asks me to allow him to subpoena the records of a doctor who provided outpatient mental health treatment for the victim and to "conduct discovery on [the victim's] mental health in general." ECF No. 26 at 2.

In a federal habeas case, when a petitioner seeks to develop and use new evidence obtained through discovery — i.e., to expand the state record under Rule 7 of the Rules Governing Section 2254 Cases — he must show that he satisfies the requirements of 28 U.S.C. § 2254(e)(2) or that he was not at fault in failing to develop that evidence in state court. *See Holland v. Jackson*, 542 U.S. 649, 653 (2004) (per curiam) (holding that section 2254(e)(2)'s restrictions "apply a fortiori when a prisoner seeks relief based on new evidence without an evidentiary hearing"); *Libberton v. Ryan*, 583 F.3d 1147, 1165 (9th Cir. 2009). In addition, the Supreme Court has held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits," and thus "evidence introduced in federal court has no bearing on § 2254(d)(1) review." *Cullen v. Pinholster*, 563 U.S. 170, 181, 185 (2011). Thus, when a state court has denied a claim on its merits, *Pinholster* precludes "further factual development of these claims" through an evidentiary hearing to determine whether section 2254(d)(1) or (d)(2) is satisfied. *Gulbrandson v. Ryan*, 738 F.3d 976, 993-94 (9th Cir. 2013); *see also Runningeagle*, 686 F.3d at 773-74 (denying the petitioner's request for discovery

1  because the state courts denied his claim on its merits, and thus the *Pinholster* rule limited
2  review under Section 2254(d)(1) to the record before the state courts). ). If, and only if, the
3  court determines that the state court's adjudication meets section 2254(d)(1) or (d)(2), the court
4  evaluates the claim de novo, and may consider evidence properly presented for the first time in
5  federal court. *Hurles v. Ryan*, 752 F.3d 768, 778 (9th Cir. 2014). When a petitioner is not
6  entitled to an evidentiary hearing on his claim, discovery on such a claim may be denied for
7  futility. *See Kemp v. Ryan*, 638 F.3d 1245, 1258-60 (9th Cir. 2011).

8  Here, Davis made reasonable efforts to develop evidence in support of Ground Four in
9  state court, but the state court denied him an evidentiary hearing on that particular ground. ECF
10 No. 36-33 at 8. I conclude that those efforts demonstrate sufficient diligence to avoid the
11 limitation on evidentiary hearings imposed by section 2254(e)(2). *See West v. Ryan*, 608 F.3d
12 477, 485 (9th Cir. 2010). However, the Nevada courts decided the claim presented as Ground
13 Four on the merits, and Davis has not yet overcome the hurdle imposed by *Pinholster*. Thus, my
14 review of Ground Four is limited to the state court record unless and until I find that the
15 limitations of section 2254(d) have been satisfied and, therefore, that I must proceed to de novo
16 review. I will make that determination after the parties have briefed the merits of Ground Four.
17 So, at this juncture, I deny Davis's motion for leave to conduct discovery.

## Conclusion

19 Ground One of the second amended petition is unexhausted. Like Ground Three(a), the
20 claim is technically exhausted but procedurally defaulted. Absent a showing that the default
21 should be excused, Ground One is dismissed. As for Ground Three(a), I will decide whether the
22 default should be excused under *Martinez* once the parties have had an opportunity to fully brief
23 the merits of the claim. That decision will be made based on the existing state court record. I
24 will also consider the cumulative impact of any substantial errors in determining whether Davis
25 is entitled to habeas relief, but only based on claims of error that are properly before me. Finally,
26 my consideration of Ground Four is also limited to the state court record unless I determine that
27 the state court's adjudication of the claim is not entitled to deference under section 2254(d).
28

I THEREFORE ORDER that respondents' motion to dismiss **[ECF No. 39] is GRANTED** under the terms set forth above.

I FURTHER ORDER that Davis's motion for leave to conduct discovery **[ECF No. 26] is DENIED.**

I FURTHER ORDER that the respondents' motion for leave to file exhibits under seal **[ECF No. 24] is GRANTED.**[5]

I FURTHER ORDER that the respondents have until **May 2, 2025** to file an answer to the remaining claims in Davis's second amended petition (ECF No. 22). In all other respects, the schedule for further proceedings set forth in the order entered August 24, 2023 (ECF No. 8) will remain in effect.

Dated: March 1, 2025.

_____
Chief U.S. District Judge Andrew P. Gordon

---

[5] I find that the privacy of the victim's medical records is a compelling reason for me to restrict the public's access to the exhibits. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). However, granting this motion does not mean that my consideration of the records is not limited under *Ramirez* and *Pinholster*, as discussed above.